```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
 UNITED STATES OF AMERICA

        -against-
                                        No. 17-CR-123 (LAP)
 RAFAEL ROMERO,
                                             ORDER
                 Defendant.
------------------------------------
```

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Rafael Romero's request for compassionate release pursuant to 18 U.S.C. Section 3582(c). (Dkt. no. 828.) For the reasons set out below, the request is denied.

### Background

Defendant was a manager and supervisor, indeed, second-in-command to his brother, of a large, violent drug trafficking organization, the 075 gang, that operated for two decades on Weeks Avenue in the Bronx. (PSR ¶¶ 5-11, 103-106.) A firearm associated with Defendant was used by an 075 member to fire eight shots into a group of people the member had had an altercation with who were standing at a busy intersection on the Grand Concourse. (Id. ¶ 106.) Defendant himself possessed a .357 Magnum revolver. (Id.)

Although he sustained only one prior conviction, Defendant has been arrested an astounding 24 other times. (See id. ¶ 104). During one of those arrests, the Defendant pushed one

officer into a fence, causing him to twist his knee, and punched the other officer before fleeing. (Id. ¶ 105).

In November of 2018, Defendant pled guilty to conspiring to distribute at least 28 grams of crack in violation of 21 U.S.C. Sections 846 and 842(b)(1)(A) and using, carrying, possessing, brandishing, and discharging firearms in violation of 18 U.S.C. Sections 924(c)(1)(A)(i), (ii), and (iii), and 2. In his plea agreement, he acknowledged that this offense carries a mandatory minimum sentence of five years imprisonment. (PSR ¶ 163). The parties agreed that the Guidelines range was 135-168 months' imprisonment. (Id.).

At sentencing, the Court acknowledged that Defendant had engaged in "an incredibly serious offense, sowing great harm to the Bronx community that Mr. Romero has lived in his entire life." (Sentencing Tr. at 25.) In recognition of his extraordinary post-arrest rehabilitation, though, the Court sentenced Defendant to the mandatory minimum of 60 months. (Id. at 25-29). He has served some 40 months.

Defendant suffers from type 2 diabetes, a recognized COVID-19 risk factor. His medical records, attached under seal to the Government's papers, indicate that he has been treated for that condition with appropriate medication, and Defendant does not contend otherwise. Indeed, his medical records do not disclose any complaints about his diabetes but instead numerous

complaints about aches and pains and injuries endured while exercising.  Defendant is 37 years old.

On or about June 1, 2020, Defendant formally requested that the Warden of FCI Fort Dix release him to home confinement based on the COVID-19 pandemic.  (Dkt. no. 828, Ex. A.)  Although the parties disagree as to whether this constitutes a request for compassionate release, in light of the result the Court reaches, it need not decide that question.

**Applicable Law**

A court "may not modify a term of imprisonment once it has been imposed except that":

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A).

The "applicable policy statements" referenced in the statute are found at Section 1B1.13 of the United States Sentencing Guidelines.  Because the statute requires that a ruling concerning compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), Section 1B1.13 is binding on the Court. See Dillon v. United States, 560 U.S. 817, 826-27 (2010) (where Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

Section 1B1.13 provides that a reduction of sentence is permitted if: (1) "extraordinary and compelling reasons warrant the reduction; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  As relevant here, section 1B1.13 provides for the possibility of a sentence reduction, assuming all other requirements are met, in the following circumstances:

    (A)   Medical Condition of the Defendant.--

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific

>     prognosis of life expectancy (i.e., a
>     probability of death within a specific time
>     period) is not required.  Examples include
>     metastatic solid-tumor cancer, amyotrophic
>     lateral sclerosis (ALS), end-stage organ
>     disease, and advanced dementia.
>
> (ii)   The defendant is--
>
>     (I) suffering from a serious physical or
>        medical condition,
>
>     (II) suffering from a serious functional or
>        cognitive impairment, or
>
>     (III) experiencing deteriorating physical or
>        mental health because of the aging
>        process,
>
>     that substantially diminishes the ability of
>     the defendant to provide selfcare within the
>     environment of a correctional facility and from
>     which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.

As the proponent of the motion, the defendant bears the burden of proving "extraordinary and compelling reasons" exist under the above criteria to justify early release.  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### Discussion

First, Defendant has not carried his burden of demonstrating "extraordinary and compelling circumstances" warranting release.  He is young, his diabetes is well-

5

controlled, and there is no indication that release into Westchester County, which he seeks, would make him any safer than at Fort Dix, where the BOP has taken numerous steps to minimize the spread of COVID-19.

Second, even if Defendant had carried that burden, the Court would exercise its discretion not to release him because such release would constitute an unwarranted discrepancy in sentence between this Defendant and his co-conspirators.  For example, Defendant's sentence was 58 months shorter than that of Jeffrey Fernandez, who used a firearm associated with Defendant to fire multiple shots into a crowd on the Grand Concourse. Nana Owusu and Wilpher Rodriguez, both of whom are much younger than Defendant and engaged in no known acts of violence, received only 12 months less than Defendant.  Further reducing Defendant's sentence would contravene the sentencing goal of similar sentences for similarly-situated individuals, particularly in light of this Defendant's leadership role in the drug trafficking organization.

Also, as the Court noted at sentencing, Defendant engaged in an incredibly serious crime.  The Court acknowledged Defendant's post-arrest rehabilitation at sentencing, granting him extreme leniency.  Further leniency by reducing his sentence to some 40 months would also contravene the sentencing goal of

imposing adequate punishment in light of the seriousness of the offense.

**Conclusion**

For the reasons set out above, Defendant Rafael Romero's request for compassionate release (dkt. no. 828) is denied.

SO ORDERED.

Dated:   September 16, 2020
         New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.